UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONOR CHAVEZ, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. H-12-281 |
| | § | |
| HILTON MANAGEMENT, L.L.C., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the Court is the Motion to Remand (Dkt. 4) filed by Plaintiff, Leonor Chavez ("Chavez"). Defendant, Steve Beyer Productions, Inc. ("Beyer") filed a Response in Opposition to this Motion (Dkt. 7) and a hearing was held on the Motion. After considering the pleadings, the arguments of the parties, and applicable legal authorities, the Court finds that the Motion should be **DENIED.**

### I.   BACKGROUND

Chavez originally filed this action against Defendants, Beyer and Hilton Management, LLC, for negligence in the 152nd Judicial District Court of Harris County, Texas. (Dkt. 1). Chavez alleges that, as a result of Defendants' negligence, she was "seriously injured" after she "tripped and fell." (Dkt. 1 at 14 ¶ 4.1). Although Chavez's state court petition does not elaborate on the precise nature of her injuries or specify the total amount of damages sought, it seeks the following 11 categories of damages from Defendants: past and future "physical pain and suffering," past and future "emotional pain torment and suffering (mental anguish)," past and future "physical impairment,

physical disfigurement, and loss of physical ability," past and future "medical expenses," and lost wages. (Dkt. 1 at 15 ¶ 6.1). Beyer filed a Notice of Removal in this Court, alleging subject-matter jurisdiction based on diversity under 28 U.S.C. § 1132. (Dkt. 1). Chavez moved to remand the action back to the Harris County District Court on the grounds that this Court lacks original subject-matter jurisdiction to hear the case. (Dkt. 4).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, a case filed in state court is removable to federal court when the case is one over which the federal court has original subject-matter jurisdiction. *See Smallwood v. Ill. Cen. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). One type of case over which federal courts have original jurisdiction is civil actions between citizens of different states where the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The defendant, as the removing party, has the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000, by either: (1) showing it is facially apparent from the petition that the claim exceeds $ 75,000; or (2) setting forth summary-judgment type evidence that supports the requisite finding. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This burden allows the plaintiff to remain the master of his or her claim while protecting defendants from plaintiffs who seek to manipulate their state pleadings to avoid federal court. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411–12 (5th Cir. 1995). If the defendant meets the preponderance burden, the plaintiff

can defeat removal only by establishing with legal certainty that the claims do not exceed $75,000. *Id*. at 1412.

Motions to remand to state court are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). To determine whether jurisdiction is present for purposes of removal, the court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno*, 276 F.3d at 723 (citation omitted). It is presumed that a federal court lacks jurisdiction until such jurisdiction has been proven; therefore, any doubt as to federal subject-matter jurisdiction is to be resolved in favor of remand. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

### III.   ANALYSIS

As the removing party, Beyer has the burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. Beyer may make this showing if (1) it is apparent from the face of Chavez's complaint that her claims are likely to exceed $75,000 or, alternatively, if (2) Beyer sets forth "summary judgment-type evidence" of facts in controversy that support a finding of the requisite amount. *Manguno*, 276 F.3d at 723.

Whether it is facially apparent that a plaintiff's allegations regarding the amount in controversy satisfy the jurisdictional and removal requisites is determined on a case-by-case basis. *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003).

In this case, Chavez's state court petition is unclear regarding the severity of her injuries as a result of her fall and does not specify the total amount of damages sought. The record reflects that Defendants attempted to contact Chavez to obtain a stipulation as to the total damages sought.  Chavez did not respond to these inquires or provide an affidavit or stipulation in the Motion to Remand regarding the amount of damages sought in this case.  Accordingly, the Court finds that it is not "facially apparent" from Chavez's state court petition that her damages exceed $75,000.

Next, the Court considers whether Beyer has set forth sufficient "summary judgment-type evidence" to support a finding of the requisite amount in controversy. Where the state court petition is unclear with respect to the precise nature of a plaintiff's injuries and amount of damages sought, a defendant may rely on plaintiff's responses to discovery to establish jurisdiction. *See, e.g., Marcel v. Pool Co.,* 5 F.3d 81, 84–85 (5th Cir. 1993).

A review of Chavez's discovery responses reveals that the total damages being sought by her in this case exceed $75,000.  Chavez's response to interrogatories reflects the serious nature of her alleged injuries: She alleges that as result of her fall she sustained injuries to her left shoulder, arm, knee, and pelvis, and suffered two cracked front teeth.  (Dkt. 7-10 at 5).  She alleges that she is unable to bend, lift heavy objects, and she has difficulty lifting her arm.  (Dkt. 7-10 at 5).  She asserts that she has been completely unable to work since December 2009,  the date of her fall, and that at least one of her medical providers has stated that she will need a surgery in the future for her

injuries. (Dkt. 7-10 at 8). She also asserts that she was told by another medical provider that she "will have limitations on her future activities." (Dkt. 7-10 at 8).

Chavez, asserting her right to supplement as discovery continues, has not produced all of her medical records in response to Defendants' requests for production. However, a review of the records produced to date establishes both the seriousness of her alleged injury and the amount of past and future medical expenses as damages that are being sought in this case. Even the partial discovery conducted so far reflects that Chavez has been treated by at least 20 health care providers and that, in addition to the injuries listed in her interrogatory responses, her injuries required medical evaluations of her heart and urinary functions. (Dkt. 7-9 at 1, 9). The affidavits submitted and billing records produced by Chavez with respect to just 13 of 20 providers listed in the discovery responses reflect medical charges totaling at least $30,911.27. Because Chavez alleges ongoing treatment for her injuries and has not produced all her medical bills incurred to date in this case, it is reasonable to conclude that this damage calculation will increase.

Finally, Chavez's discovery responses reflect that she earned approximately $350 per week for at least 8 out of the 10 years prior to her injuries. (Dkt. 7-10 at 10). Thus, it is reasonable to conclude that, because she asserts that she has not worked since the time of her injury—over 2 ½ years ago—Chavez will be claiming damages in excess of $35,000 as part of her lost wages damages claim in this case. (Dkt. 7-10 at 12). The Court concludes that the serious nature of Chavez's alleged injuries and her discovery responses regarding her medical bills to date and past wage earnings, coupled with the multiple other categories of damages being sought in this case, establish that the amount

in controversy exceeds $75,000. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

## IV.   CONCLUSION

Beyer has the burden to prove by a preponderance of the evidence that, at the time of removal, the amount in controversy exceeded $75,000. Based on the foregoing, the Court finds that Beyer has met its burden of establishing that federal diversity jurisdiction exists in this case and that removal was proper. The Court further finds that Chavez has not proved with legal certainty that her claims do not exceed $75,000. This Court therefore has subject-matter jurisdiction. Accordingly, the Court **DENIES** Chavez's Motion for Remand. It is so ORDERED.

SIGNED at Houston, Texas, this 23rd day of May, 2012.

_____
George C. Hanks Jr.
United States Magistrate Judge